## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | |
|---|---|
| **MARTHA IRMA CHACON,** | |
| *Plaintiff,* | |
| **v.** | **CIVIL ACTION NO.** |
| **DAVID ZUBIATE MARTINEZ and LINEA AMERICA TRANSPORTE S DE RL DE CV,** | _____ |
| *Defendants.* | |

### DEFENDANT LINEA AMERICA TRANSPORTE S DE RL DE CV'S NOTICE OF REMOVAL

Defendant Linea America Transporte S DE RL DE CV (hereinafter "Linea America") files this Notice of Removal as authorized by 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446(b).

### A. INTRODUCTION

1.   Plaintiff is Martha Irma Chacon ("Plaintiff"). Defendants are Linea America Transporte S DE RL DE CV ("Linea America") and David Zubiate Martinez ("Martinez") (collectively "Defendants").

2.   Plaintiff is a citizen of the State of Texas.[1] Martinez is a resident of Mexico.[2] Linea America is a nonresident corporation.[3]  Accordingly, for purposes of 28 U.S.C. § 1332, neither Martinez nor Linea America are citizens of the State of Texas.

3.   Plaintiff commenced this action against Linea America by filing an Original Petition in the 327th Judicial District Court of El Paso County, Texas on February 4, 2022. In the Original Petition,

---

[1] *See* Plaintiff's Original Petition ¶ 2, attached hereto as exhibit B-1.
[2] *See id* at ¶ 4.
[3] *See id.* at ¶ 5.

Plaintiff contends that on January 7, 2022, she was struck by a truck tractor operated by Martinez and owned by Linea America, causing injuries and other damages.

4.   Plaintiff    asserted    claims    of    *respondeat    superior*,    negligent hiring/qualifying/supervision/entrustment/retention, and gross negligence against Linea America. Plaintiff has asserted claims of negligence, negligence per se, and gross negligence against Martinez. Plaintiff also seeks exemplary damages.

5.   Linea America was served with citation of Plaintiff's Original Petition on February 22, 2022.[4] Martinez has yet to be served with process.

6.   Linea America filed its Original Answer in the state court on March 11, 2022. [5]

### B.   BASIS FOR REMOVAL

7.   Because Plaintiff is a citizen of the State of Texas and Defendants are non-residents, there is complete diversity of citizenship of the parties.[6] Additionally, Plaintiff seeks monetary relief over $250,000 and thus the amount in controversy exceeds $75,000 on the face of the pleadings.[7] As such, removal of the state court action to this Court is proper based on complete diversity of citizenship.

8.   This removal is timely in that Defendants were served less than 30 days before the filing of this Notice of Removal.[8]

9.   Venue is proper in this Division and District under 28 U.S.C. § 1441(a) because the state court where the suit is pending is in this Division and District.

---

[4] *See* Return of Service, attached hereto as Exhibit B-2.
[5] Defendant Linea America Transporte S DE RL DE CV's Original Answer, attached hereto as Exhibit B-3.
[6] 28 U.S.C. § 1332(a).
[7] *Id.*; *See* Original Petition, Exhibit B-1, at ¶ 7.
[8] 28 U.S.C. § 1446(b).

10. Defendant Linea America will promptly file a copy of this Notice of Removal, as an attachment to a Notice of Filing Notice of Removal, with the clerk of the state court where the action has been pending.

11. A copy of the docket sheet from the state court proceeding is attached hereto as Exhibit A.

12. A copy of all documents filed in the state court proceeding is attached hereto as Exhibit B.

### C. PLAINTIFF'S JURY DEMAND

13. Plaintiff demanded a jury in the state court action.

### D. CONCLUSION

14. Because complete diversity of citizenship exists and the amount in controversy requirement is met, this Court has jurisdiction over each of Plaintiff's claims asserted against Defendants and Linea America now asks the Court to accept removal of this suit.

Respectfully submitted,

WADDELL SERAFINO GEARY
 RECHNER JENEVEIN, P.C.


*/s/ Barry L. Hardin*
BARRY L. HARDIN
State Bar No. 08961900
Email: bhardin@wslawpc.com
VERONICA DIAZ-ARRASTIA
State Bar No. 24105804
Email: vdarrastia@wslawpc.com
1717 Main Street, 25th Floor
Dallas, Texas 75201
214-979-7400 Telephone
214-979-7402 Facsimile

ATTORNEYS FOR DEFENDANT
LINEA AMERICA TRANSPORTE S DE RL
DE CV

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing instrument has been served upon counsel for Plaintiff, Esteban Contreras, Ortega, McGlashan & Perez, PLLC, 609 Myrtle Ave., Suite 100, El Paso, Texas 79901, econtreras@ellisandortega.com, via electronic case filing, on this the 15th day of March 2022.

*/s/ Barry L. Hardin*

Barry L. Hardin

# Exhibit A

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search  Back          Location : All Courts   Help

# REGISTER OF ACTIONS
## CASE NO. 2022DCV0399

| | | | |
|---|---|---|---|
| **Martha Irma Chacon VS David Zubiate Martinez and Linea America Transporte S DE RL DE CV** | § § § § § | Case Type:<br>Date Filed:<br>Location: | **Injury or Damage - Motor Vehicle**<br>**02/04/2022**<br>**327th District Court** |

---

### PARTY INFORMATION

| | | | |
|---|---|---|---|
| | | | **Lead Attorneys** |
| Defendant | **Linea America Transporte S DE RL DE CV** | | **BARRY L. HARDIN**<br>*Retained*<br>214-979-7400(W) |
| Defendant | **Martinez, David Zubiate** | | |
| Plaintiff | **Chacon, Martha Irma** | | **Esteban Contreras**<br>*Retained*<br>915-542-1883(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 02/04/2022 | **Original Petition (OCA)** Index # 1 | |
| 02/04/2022 | **E-File Event Original Filing** | |
| 02/15/2022 | **Request** Index # 2 | |
| 02/18/2022 | **Citation** | |
| | Martinez, David Zubiate | Unserved |
| | Linea America Transporte S DE RL DE CV | Served 02/22/2022 |
| | | Response Received 03/11/2022 |
| | | Returned 02/23/2022 |
| 03/11/2022 | **Answer** Index # 5 | |

# Exhibit B-1

El Paso County - 327th District Court

Filed 2/4/2022 10:09 AM
Norma Favela Barceleau
District Clerk
El Paso County
2022DCV0399

## NO. 2022DCV____

| | | |
|---|---|---|
| **MARTHA IRMA CHACON** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **____ JUDICIAL DISTRICT** |
| | § | |
| **DAVID ZUBIATE MARTINEZ AND** | § | |
| **LINEA AMERICA TRANSPORTE S DE** | § | |
| **RL DE CV** | § | |
| **Defendants.** | § | **OF EL PASO COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES** Martha Irma Chacon, hereinafter called Plaintiff, complaining of and about David Zubiate Martinez and Linea America Transporte S DE RL DE CV, hereinafter called Defendants, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.     Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2.     Plaintiff, Martha Irma Chacon, is an Individual whose address is 1107 Hunter Dr, El Paso, Texas 79915.

3.     The last three numbers of Martha Irma Chacon's driver's license number are 262. The last three numbers of Martha Irma Chacon's social security number are 618.

4.     Defendant David Zubiate Martinez, an Individual who is a nonresident of Texas, may be served with process at his home at the following address: 99005 Oscar Flores Blvd, Jaurez, MX 10111-453.   Service of said Defendant as described above can be effected by personal delivery.

5.     Defendant Linea America Transporte S DE RL DE CV, a Nonresident Corporation,

may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the registered agent of the corporation, International Border Trucking Compliance Serice, at 1519 Wyoming, El Paso, Texas 79902, its registered office.  Service of said Defendant as described above can be effected by personal delivery.

## JURISDICTION AND VENUE

6.      The subject matter in controversy is within the jurisdictional limits of this court.

7.      Plaintiff seeks:

     a.      monetary relief over $250,000 but not more than $1,000,000.

8.      This court has jurisdiction over Defendant David Zubiate Martinez, because said Defendant purposefully availed himself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over David Zubiate Martinez will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due proves.

9.      Furthermore, Plaintiff would show that Defendant David Zubiate Martinez engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant committed a tort in whole or in part in Texas.

10.      At all times pertinent to this cause of action, Mr. David Zubiate Martinez was within the Course and Scope of his employment with Linea America Transporte S DE RL DE CV.

11.      This court has jurisdiction over Defendant Linea America Transporte S DE RL DE CV, because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said

Defendant, and the assumption of jurisdiction over Linea America Transporte S DE RL DE CV will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

12.     Furthermore, Plaintiff would show that Defendant Linea America Transporte S DE RL DE CV engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant committed a tort in whole or in part in Texas.

13.     Defendant had hired Mr. David Zubiate Martinez to operate within the stream of commerce that touches and concerns the State of Texas and contiguous counties.

14.     Venue in El Paso County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

15.     Based upon information and belief, on or about January 7, 2022, Plaintiff, Martha Irma Chacon, herein referred to as Plaintiff, was driving on the roadway of exit 375 north, which is located in El Paso County, Texas. Due to congestion on exit 375 north, Plaintiff came to a stop. Defendant, David Zubiate Martinez, herein referred to as Defendant, negligently followed to close and failed to control his speed thereby causing his truck tractor to collide with Plaintiff's truck tractor and semi-trailer. Defendant was cited by the El Paso Police Department for Failure to Control Speed (El Paso Police Department Citation 19510980). Defendant Linea America Transporte S DE RL DE CV was the owner of the truck tractor Defendant was driving. The injuries complained of herein were directly and proximately caused by said collision.

## PLAINTIFF'S CLAIM OF
## NEGLIGENCE AGAINST DAVID ZUBIATE MARTINEZ

16.     Defendant David Zubiate Martinez had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

17.     Plaintiff's injuries were proximately caused by Defendant David Zubiate Martinez's negligent, careless and reckless disregard of said duty.

18.     The negligent, careless and reckless disregard of duty of Defendant David Zubiate Martinez consisted of, but is not limited to, the following acts and omissions:

A.     In that Defendant David Zubiate Martinez failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

B.     In that Defendant David Zubiate Martinez failed to turn his motor vehicle to the left and/or right in an effort to avoid the collision complained of;

C.     In that Defendant David Zubiate Martinez failed to maintain a clear and reasonable distance between Plaintiff's motor vehicle and Defendant David Zubiate Martinez's motor vehicle which would permit Defendant David Zubiate Martinez to bring his motor vehicle to a safe stop without colliding into Plaintiff's motor vehicle;

D.     In that Defendant David Zubiate Martinez failed to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care would have done;

E.     In that Defendant David Zubiate Martinez was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances; and

F.     In that Defendant David Zubiate Martinez failed to apply his brakes to his motor vehicle.

**PLAINTIFF'S CLAIM OF**
**NEGLIGENCE PER SE AGAINST DAVID ZUBIATE MARTINEZ**

19.     Said collision and Plaintiff's damages were proximately caused by Defendant, David Zubiate Martinez violations of the laws of the State of Texas and of the United States of America constituting negligence per se. At the time of the motor vehicle collision, Defendant, David Martinez Zubiate, was operating Defendant Linea America Transporte S DE RL DE CV, vehicle in violation of Texas Transportation Law. Specifically, Defendant, David Zubiate Martinez

violated the following provisions of Texas Transportation Law:

      A.     Unsafe driving.

      B.     Failure to yield right of way.

      C.     Driving reckless in violation of Tex. Transp. Code Ann. § 545.401.

      D.     Failure to use due care in operating a motor vehicle.

      E.     Failure to keep a proper lookout in violation of Tex. Transp. Code Ann §545.351.

      F.     Failure to safely apply brakes to avoid an incident.

      G.     Failure to control speed.

      H.     Failure to honk and give adequate warning of the impending danger.

      I.     Failure to warn of his approach.

      J.     Failure to pay attention.

      K.     Failure to take proper evasive action.

      L.     Failure to use due care and caution under the circumstances then existing.

      M.     Failure to use due care in operating a motor vehicle. (Transportation Code §545.351)

      N.     Other acts of negligence.

Each of the above and foregoing acts and omissions, singularly or in combination, constituted the negligence that was the proximate cause of the motor vehicle collision and consequently the injuries and damages of Plaintiff.

**PLAINTIFF'S CLAIM OF**
**RESPONDEAT SUPERIOR AGAINST LINEA AMERICA TRANSPORTE S DE RL DE CV**

20.    At the time of the occurrence of the act in question and immediately prior thereto, David Zubiate Martinez was within the course and scope of employment for Defendant Linea America Transporte S DE RL DE CV.

21.    At the time of the occurrence of the act in question and immediately prior thereto, David Zubiate Martinez was engaged in the furtherance of Defendant Linea America Transporte S DE RL DE CV's business.

22.    At the time of the occurrence of the act in question and immediately prior thereto, David Zubiate Martinez was engaged in accomplishing a task for which David Zubiate Martinez

was employed.

23.     Plaintiff invokes the doctrine of Respondeat Superior as against Defendant Linea America Transporte S DE RL DE CV.

## NEGLIGENT HIRING, QUALIFYING, SUPERVISION, ENTRUSTMENT, TRAINING, AND RETENTION-DEFENDANT LINEA AMERICA TRANSPORTE S DE RL DE CV

24.     At all times relevant to this action, Defendant, Transporte S DE RL DE CV, had certain duties, including those imposed by regulations and other industry standards and practices, in connection with hiring, qualifying, training, entrusting, supervising and retaining Defendant, David Zubiate Martinez. Defendant, Transporte S DE RL DE CV, was negligent in failing to take reasonable steps to ensure that these duties were met. As a proximate results of their negligence, Plaintiff, Martha Irma Chacon, suffered personal injuries, arising from one or more of the following alternative theories of negligence:

A.     That on or about January 7, 2022, Defendant, Transporte S De RL DE CV, was negligent by entrusting the control and operation of the motor vehicle, which was under its control, to Defendant, David Zubiate Martinez;

B.     Allowing Defendant, David Zubiate Martinez, to operate its vehicle on the public streets of El Paso County, Texas, and in particular at the location referred to the above, when it knew or should have known that Defendant, David Zubiate Martinez, was unfit and unskilled to operate the vehicle;

C.     Failing to properly train, supervise and educate its drivers;

D.     Failing to properly screen its applicants for driver certification;

E.     Failing to establish and enforce reasonable rules and regulations for qualifying persons to operate its commercial vehicles;

F.     Failure to adequately communicate orders, instructions and directions; and

G.     Other acts of negligence that may be established through discovery in the case.

## EXEMPLARY DAMAGES

25.     Defendant David Zubiate Martinez's acts or omissions described above, when viewed from the standpoint of Defendant David Zubiate Martinez at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential

harm to Plaintiff and others.  Defendant David Zubiate Martinez had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

26.     Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff from Defendant David Zubiate Martinez.

27.     Defendant Linea America Transporte S DE RL DE CV's acts or omissions described above, when viewed from the standpoint of Defendant Linea America Transporte S DE RL DE CV at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others.  Defendant Linea America Transporte S DE RL DE CV had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

28.     Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff from Defendant Linea America Transporte S DE RL DE CV.

## DAMAGES FOR PLAINTIFF, MARTHA IRMA CHACON

29.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Martha Irma Chacon was caused to suffer injuries to her neck and back, and to incur the following damages:

A.     Reasonable medical care and expenses in the past.  These expenses were incurred by Plaintiff, Martha Irma Chacon for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in El Paso County, Texas;

B.     Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C.     Physical pain and suffering in the past;

D.     Physical pain and suffering in the future;

E.     Property damages

F.  Loss of earnings in the past;
G.  Disfigurement in the past;
H.  Mental anguish in the past; and
J.  Mental anguish in the future.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Martha Irma Chacon, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; exemplary damages, as addressed to each Defendant per Section 41.006, Chapter 41, Texas Civil Practice and Remedies Code, excluding interest, and as allowed by Sec. 41.008, Chapter 41, Texas Civil Practice and Remedies Code, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

Ortega, McGlashan & Perez, PLLC

By:  /s/ Esteban Contreras
Esteban Contreras
Texas Bar No. 24105619
Email:  EContreras@ellisandortega.com
609 Myrtle Ave., Suite 100
El Paso, Texas 79901
Tel. (915) 542-1883
Fax. (915) 542-3500
Attorney for Plaintiff
Martha Irma Chacon

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

# Exhibit B-2

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org"

TO:    **LINEA AMERICA TRANSPORTE S DE RL DE CV**, who may be served with process by serving its registered agent **INTERNATIONAL BORDER TRUCKING COMPLIANCE SERVICE at 1519 WYOMING, EL PASO, TX 79902** or wherever he/she may be found

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **327ᵗʰ Judicial District Court**, El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 4th day of February, 2022 by Attorney at Law, ESTEBAN CONTRERAS, 609 MYRTLE AVE SUITE 100 EL PASO TX  79901, in this case numbered **2022DCV0399** on the docket of said court, and styled:

### MARTHA IRMA CHACON
### VS
### DAVID ZUBIATE MARTINEZ AND LINEA AMERICA TRANSPORTE S DE RL DE CV

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 18th day of February, 2022.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
Enrique Moreno County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest: NORMA FAVELA BARCELEAU  District Clerk
El Paso County, Texas

By: _____, Deputy
Corina Ramirez

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

Copy from re:SearchTX

**RETURN**

Came on hand on ___18___ day of _February_, 20_22_, at _1:30_ o'clock _P_.M., and executed in _El Paso_ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's Original Petition**, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance |
| | MONTH | DAY | YEAR | Hour | Min. | _P_.M. | From Court House |
|---|---|---|---|---|---|---|---|
| Receptionist @ | 2 | 22 | 22 | 3 | 16 | | 1519 Wyoming |
| Linea America | | | | | | | El Paso TX 79902 |
| registered agent | | | | | | | |
| International | | | | | | | |
| Border Trucking | | | | | | | |
| Compliance | | | | | | | |
| Service | | | | | | | |

And not executed as to the defendant, _____

_____

The diligence used in finding said defendant, being_____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING ____ copy _____ $ _____   _____ Sheriff

_____   _____ County, Texas

Total _____ $ _____   by _____, Deputy

**CERTIFICATE OF DELIVERY**

I do hereby certify that I delivered to _International Border Trucking_,
_Compliance Service_ on the _22_ day of _February_,
20_22_, at _3:16_ o'clock ___m. this copy of this instrument.

_____, Sheriff/Agent

_El Paso_ County, Texas

By _Javier Varela_ Deputy/Agent
_PSC: 15170   EXP 6-30-22_

SUBSCRIBED AND SWORN TO BEFORE ME ON THE _23rd_ DAY OF _February_, 20_22_.

**(SEAL)**

_____
**NOTARY PUBLIC, STATE OF TEXAS**

BERTHA FELDBUSCH
My Notary ID # 124248974
Expires June 18, 2022

Copy from re:SearchTX

# Exhibit B-3

## CAUSE NO. 2022DCV0399

| | | |
|---|---|---|
| **MARTHA IRMA CHACON** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **327TH JUDICIAL DISTRICT** |
| | § | |
| **DAVID ZUBIATE MARTINEZ AND** | § | |
| **LINEA AMERICA TRANSPORTE S DE** | § | |
| **RL DE CV** | § | **OF EL PASO COUNTY, TEXAS** |

## DEFENDANT LINEA AMERICA TRANSPORTE S DE RL DE CV'S ORIGINAL ANSWER

Defendant Linea America Transporte S DE RL DE CV (hereinafter "Defendant") files this its Original Answer to Plaintiff's Original Petition and would respectfully show the Court the following:

## GENERAL DENIAL

1.  Defendant generally denies each and every, all and singular, the material allegations contained in Plaintiff's Original Petition and demands strict proof thereof at the same time of trial.

## AFFIRMATIVE DEFENSES

2.  Defendant affirmatively pleads that Plaintiff's claims are barred in whole or in part to the extent the negligent acts or omissions of Plaintiff caused or contributed to Plaintiff's alleged damages.

3.  Defendant affirmatively pleads that the damages complained of in this matter were brought about by new and independent causes and/or causes of action and, therefore, such new and independent causes became the immediate and/or effective cause or causes of the damages sustained, if any, and thus, any of the alleged negligent acts and/or omissions complained of against Defendant are wholly remote and not causative of the damages claimed.

---

4.     Defendant affirmatively pleads that Plaintiff's claims are barred in whole or in part because the alleged damages were caused by the negligent acts and/or omissions of other parties, including responsible third parties, over whom Defendant exercised no control and for whose acts and/or omissions Defendant cannot be held responsible.

5.     Defendant affirmatively asserts the doctrine of proportionate responsibility and comparative fault (as contained in Chapter 33 of the Texas Civil Practice and Remedies Code) to the extent that any other party or responsible third party is responsible wholly, or partially, for Plaintiffs alleged damages.

6.     Defendant affirmatively asserts the provisions of Texas Civil Practice and Remedies Code §41.0105 limiting Plaintiff's recovery of medical or health care expenses to amounts actually paid or incurred by Plaintiffs or on Plaintiffs' behalf.

7.     To the extent that Plaintiff is seeking recovery for loss of earnings, lost wages, loss of earning capacity and/or loss of contribution of pecuniary value, evidence of this alleged loss must be presented by Plaintiff in the form of a net loss after reduction for income tax payments or unpaid tax liability to any federal income tax law, as required by Section 18.091 of the Texas Civil Practice and Remedies Code.

WHEREFORE, PREMISES CONSIDERED, Defendant Linea America Transporte S DE RL DE CV, prays that all the Plaintiff's claims and causes of action be dismissed with prejudice, that all relief requested by Plaintiff be denied, that Defendant recover all relief sought herein, that all costs be taxed against Plaintiff, and that Defendant be granted such other and further relief, at law or in equity, special or general, to which it is justly entitled.

Respectfully submitted,

WADDELL SERAFINO GEARY
RECHNER JENEVEIN, P.C.


/s/ Barry L. Hardin
_____
BARRY L. HARDIN
State Bar No. 08961900
Email: bhardin@wslawpc.com
VERONICA DIAZ-ARRASTIA
State Bar No. 24105804
Email: vdarrastia@wslawpc.com
1717 Main Street, 25th Floor
Dallas, Texas 75201
214-979-7400 Telephone
214-979-7402 Facsimile

ATTORNEYS FOR DEFENDANT
LINEA AMERICA TRANSPORTE S DE RL
DE CV

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing instrument has been served upon all counsel of record via eFiling, on this the 11th day of March 2022.


/s/ Barry L. Hardin
_____
Barry L. Hardin